# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## GRAND FOUNTAIN U. O. T. R. v. WILSON.

### JANUARY 12, 1899.

#### Absent, Riely and Cardwell, JJ.

1. EVIDENCE—*Assignments — Testamentary Papers — Insurance.*—An endorsement on a life insurance policy by the beneficiary therein which is testamentary in its character, but which has not been, and cannot be, admitted to probate, is not admissible in evidence to show title in the legatee named in said endorsement, and a payment of the policy by the insurer to such beneficiary is wrongful. Nor, in an action on the policy, is evidence relevant that merely tends to show that the endorsement was made in the presence of witnesses, at the special instance and request of the beneficiary, and that she made her mark as a signature thereto. A will must be proved before a probate court in a proceeding for that purpose.

Error to a judgment of the Corporation Court of the city of Lynchburg rendered June 14, 1897, in an action of *covenant* wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

This was an action of *covenant* instituted by William Wilson, suing by his next friend against the plaintiff in error on two policies of insurance issued to Cealia Wilson, payable to her heirs or assigns, upon satisfactory proof of her death. The policies were assigned by Cealia Wilson to her two children, William Wilson and Alice Wilson. The latter died in the life-time of her mother. The other facts sufficiently appear in the opinion of the court.

*Giles B. Jackson*, for the plaintiff in error.

*R. P. Armistead* and *N. T. Goldsberry*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

Plaintiff in error, an association organized under the laws of this State, insured the life of Cealia Wilson for the sum of $500, upon certain conditions set out in its certificate. Cealia assigned this certificate to her two children, William and Alice, and upon the death of Alice it vested in William, as survivor. Upon the death of his mother, he, by his next friend, instituted suit in the Corporation Court of Lynchburg to recover the amount due, which resulted in a verdict and judgment in his favor. Plaintiff in error, during the trial, took sundry bills of exception, and the cause is now before us upon a writ of error.

The first bill of exception is to the admission of the certificate of membership, but as the action of the court in that behalf is not relied upon in the petition for the writ of error nor in the argument, and as no ground is perceived upon which it could be maintained, it will not be further noticed.

The second bill of exception, which is the first assignment of error in the petition, is upon the following ground. When the defendant in error read the certificate before the jury it omitted to read a certain endorsement thereon in the following words and figures :

"LYNCHBURG, VA., August 6, 1890.

This is to certify that I, Cealia Wilson, do leave to my two children, William and Alice, all money or moneys mentioned on the face of this policy, Miss Sarah C. Watkins to be executrix, who shall receive all the money or moneys mentioned on the face of this policy for my two children, William and Alice Wilson.

The said Sarah Watkins shall pay all money drawn on the face of this policy in the True Reformers' Bank for my two children, William and Alice. I now sign my name and fix.

her

(Signed)     CEALIA ⋈ WILSON."

mark.

Thereupon plaintiff in error moved the court to cause it to be read, but the court, being of opinion that the endorsement was testamentary in its character, refused to do so. It is clear that in this ruling there was no error. The writing is testamentary. It makes disposition of property to take effect after death, and names an executrix. It could be operative only as a will, and as a will it is inoperative, because not properly executed.

Plaintiff in error offered to sustain the issues on its part by the deposition of Sarah C. Watkins, which the court excluded, and this action is assigned as error. The court was plainly right. She had been named as executrix in the paper above referred to. As that paper could not be proved as a will, it conferred no authority upon her whatever, but was a mere nullity, and any payment made to her by plaintiff in error upon the faith of it was made in its own wrong. Nor was it relevant to show that the money had been paid to her with the approbation of Samuel Wilson, the father of the beneficiaries, nor that its proceeds had been applied to the support of William Wilson, or for expenses incurred on behalf of Cealia Wilson in the payment of doctors' bills, and placing a tombstone over her grave.

The ruling of the court presented in bill of exception No. 5, excluding certain witnesses offered by plaintiff in error to show that the testamentary writing on the back of the certificate naming S. C. Watkins as executrix was acknowledged by Cealia Wilson in their presence, that it was written at her instance and request, and that she made her mark for the signature thereto, is not well taken.

A will must be proved before a probate court and admitted to record, and the testimony sought to be adduced was wholly irrelevant and inadmissible. '

The court certifies the facts as follows : That Cealia Wilson was, at the time of her death, a member of the Grand Fountain of the United Order of True Reformers in good standing; that all her dues had been paid; that the policies or certificates were presented for payment with endorsements thereon by Sarah C. Watkins; that her right to collect was questioned and payment was postponed, that it might be ascertained to whom the money was to be paid; and that, at a later day, there appeared at the Lynchburg branch of the plaintiff in error Samuel Wilson, father of William Wilson, with his counsel and S. C. Watkins, and it was then stated that the parties had agreed that the money was to be paid to S. C. Watkins, and payment was then and there made, and receipted for. It further appears that the money was paid to Sarah C. Watkins because she was named on the back of the policies or certificates as the person to receive it; and it was further proved that Sarah C. Watkins transacted all the business of Cealia Wilson in her life-time, and was her confidential and intimate friend; and that Alice Wilson died before her mother.

There was a motion to set aside the verdict, which was, we think, properly overruled. There can be no doubt that the facts stated were abundantly sufficient to warrant the verdict and the judgment of the Corporation Court.

It is therefore affirmed.

*Affirmed.*